# CASES

## ARGUED AND DETERMINED

### IN THE

# Supreme Court of South Dakota

QUIGG, Respondent, v. STANLEY COUNTY, SOUTH DAKOTA, Appellant.

(172 N. W. 506).

(File No. 4469. Opinion filed May 13, 1919.)

**Salaries—County Auditor—Division of County, Salary of Auditor of Parent County Thereafter—Statute, Suspension, Repeal, Effect.**

Under Laws 1913, Ch. 315, providing that whenever salary of any county officer is based upon assessed valuation of property in his county, such valuation, for purpose of determining his salary thereafter" and until March 1st, 1915, shall be figured upon the basis" of the 1912 assessment, etc., provided, that if in any county the ratio of its valuation for any year subsequent to 1912, as compared with the valuation of the property in this state, increase above the average increase of valuation for subsequent years within the state, then the percentage of its increase above the average increase in valuation within the state be added to the assessment of such county for 1912 as basis of fixing and regulating salaries of such county officers, which act took effect March 3, 1913; and Laws 1915, Ch. 128, approved March 5, 1915, containing the identical provision contained in Ch. 315, save that the words "and until March 1st, 1915," are omitted; and Laws 1907, Ch. 100, concerning the vote on the question of division of a county, and providing that the portion of such county in which county seat is located shall, until organization of other portions thereof into new counties is perfected, for criminal and civil purposes, remain a portion of the original county; held, that by reason of said acts of 1913 and 1915, Laws 1909, Ch. 254, relating to fixing and regulating salaries of county auditors and payment thereof, was suspended by the act of 1913 until March 1st, 1915, and was repealed by act of 1915, and a new and different basis substi-

1—Vol. 42, S. D.

tuted for salaries of county auditors; that the Legislature, in fixing salaries under the new system, adopted the basis of salary for 1912, and provided for an increase figured on basis of the average percentage of increase in valuation on property in the state over the valuation for 1912, adding that percentage to the salary instead of fixing salary upon basis of county assessment, as was done under said Laws 1909, thereby (under the acts 1913 and 1915) guarding against an increase by reason of enactment of the tax commission law. Held, further, that it cannot be inferred from said statutes that a decrease of salary was intended in case of division of a county. Held, further, that, plaintiff, auditor of Stanley County; who was elected at the general election in 1914 at which election resulting in the division of such county was had, and assumed office March 1st, 1915, was entitled to the same salary paid the auditor of that county for 1912; that he was not entitled to an additional salary.

Whiting, J., dissenting.

Action by James A. Quigg, against Stanley County, South Dakota, to recover a claimed balance of salary as county auditor. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

F. W. Lambert, and R. D. Walker, for Appellant.

Gardner & Churchill, for Respondent.

SMITH, P. J. The question presented on this appeal is whether plaintiff, as auditor of Stanley county, was entitled to a salary of $100 per month or a salary of $125 per month. The controversy results from the division of Stanley county by a vote taken at the general election in 1914, and the creation of two new counties, Haakon and Jackson, out of the territory formerly embraced in Stanley county. Plaintiff was elected at the same election and assumed his office on March 1, 1915, as provided by law. The board of county commissioners, on presentation of his claim for salary at the rate of $125 per month, allowed and he was paid that amount for the month of March, 1915. Each month thereafter a claim for the same amount was presented, but the board declined to allow an amount in excess of $100 per month. This action is to recover a balance of $500 claimed as accruing during the 20 months of plaintiff's subsequent incumbency as auditor.

Chapter 315, Laws 1913, approved March 13, 1913, provided that:

"Whenever the salary of any county officer is based upon the assessed valuation of the property of his county, such valuation, for the purpose of determining his salary hereafter and until March 1st, 1915, *shall be figured upon the basi*s of the 1912 assessment, as returned by the state board of equalization: Provided, that if in any county the ratio of its valuation for any year subsequent to 1912, as compared with the valuation of the property of this state, increases above the average increase of valuation for subsequent years within the state, then the percentage of its increase above the average increase in valuation within the state shall be added to the assessment of any such county for 1912 as the basis of fixing and regulating the salaries of any such county officers.

"Sec. 2. Whereas, it is claimed a great increase of assessed valuation of the property of the state is likely to result from the enactment of the law known as the 'Tax Commission Law,' and many salaries now being based upon such valuation, an emergency is declared to exist, and this act shall be in force and effect from and after its passage and approval."

In 1915 another act was passed (chapter 128, Laws 1915, approved March 5, 1915), providing that:

"Whenever-the salary of any county officer is based upon the assessed valuation of the property of his county, such valuation, for the purpose of determining his salary hereafter shall be figured upon the basis of the 1912 assessment, as returned by the state board of equalization: Provided, that if in any county the ratio of its valuation for any year subsequent to 1912, as compared with the valuation of the property of this state, increases above the average increase of valuation for subsequent years within the state, then the percentage of its increase above the average increase in valuation within the state shall be added to the assessment of any such county for 1912 as the basis of fixing and regulating the salaries of any such county officers.

"Sec. 2. Chapter 315, Session Laws of 1913, is hereby repealed.

"Sec. 3. An emergency is hereby declared to exist and this act shall take effect and be in force from and after its passage and approval."

Stanley county was divided, and the two new counties created, pursuant to chapter 100, Laws 1907, which provided that:

"If a majority of the votes cast at the next general election in such county shall be favorable to such division of such county, the portion in which the county seat thereof is located shall retain the name and organization of such county, and the portion in which the county seat is not located shall take the name prayed for in the petition for the division of the county, and the Governor of the state shall forthwith proceed to organize the same as a county under such name, in the same manner as is provided by article 2 of chapter 12 of the Political Code of 1903, and until such organization is perfected the said portion of such county shall, for criminal and civil purposes, remain and be a portion of such original county."

It is apparent, upon reading the act of 1913, as well as the act of 1915, supra, that chapter 254, Laws 1909, was suspended by the act of 1913 until March 1, 1915, and repealed by the act of 1915, and a new and different basis substituted, upon which to base the salaries of county auditors. The Legislature, as the starting point for the new system of figuring salaries, fixed the salary of the auditor in each of the counties of the state at the amount paid its auditor in the year 1912, and provided for an *increase* in such salaries, to be figured on the basis of the average per cent. of increase in valuation of property in the state over the valuation for 1912, and adding that percentage to the salary, instead of fixing such salaries upon the basis of the county assessment, as was done under chapter 254, Laws 1909. The acts of 1913 and 1915 clearly guarded against an increase of salaries by reason of the enactment of the tax commission law. It cannot be inferred that a decrease of salary was intended in case of the division of a county. If the Legislature had intended that upon a division of a county the salary should be based upon the 1912 assessment of that portion of the territory in the new county, it certainly would have enacted a provision to cover such a case.

If this construction is correct, and we think it is, the county auditor of Stanley county would be entitled at least to the same salary paid the county auditor of that county for the year 1912. The record contains no facts from which any increase in salary could be claimed, and in any event plaintiff could not now increase his claim against the county. The trial court found that the assessed valuation of Stanley county as returned by the state board of equalization for the year 1912, was $9,063,116. The

salary of the county auditor for that year, as fixed by subdivision 4, § 1, c. 254, Laws 1909, was $1,500 per year, or at the rate of $125 per month.

It follows that the judgment of the trial court should be affirmed; and it will be so ordered and adjudged.

WHITING, J. (dissenting). Respondent's term of office did not commence until after the division into three counties of what was formerly Stanley county. Under these circumstances, I am of the opinion that his salary should be based on the 1912 assessed valuation of the property in that part of the old Stanley county which became the new Stanley county, just as the salaries of the auditor in either Haakon or Jackson counties should be based on the assessed valuation of the property in that part of old Stanley county which, after division, was organized into the county of which he became auditor. If my Colleagues are correct, and chapter 128, Laws 1915, had never been repealed, the county auditors of the present Stanley county would yet draw salaries based upon the 1912 assessed valuation of the property in the old county.

I cannot subscribe to a conclusion that would sustain such a result.